```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MISSOURI
                  EASTERN DIVISION
```

MICHAEL PETTY,                )
                              )
            Petitioner,       )
                              )
      v.                      )        No. 4:07 CV 619 DDN
                              )
PAT SMITH,                    )
                              )
            Respondent.       )

## **MEMORANDUM**

This matter is before the court upon the petition of Missouri state prisoner Michael Petty for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the plenary authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 14.)

## **I.  BACKGROUND**

On March 8, 2002, petitioner Michael Petty pleaded guilty in the Circuit Court of the City of St. Louis, Missouri, to statutory rape in the second degree, statutory sodomy in the second degree, sexual misconduct in the first degree, and tampering with a victim in a felony prosecution. (Doc. 8, Ex. 1 at 67.) On April 19, 2002, petitioner was sentenced to seven years imprisonment for the statutory rape, seven years imprisonment for the statutory sodomy, one year imprisonment for the sexual misconduct, and seven years imprisonment for tampering with the victim, all sentences to be served consecutively. (Id. at 42-43.) Petitioner's sentence was suspended, and he was placed on probation for five years. (Id. at 37.) On April 2, 2004, petitioner was found to have violated the terms of his probation, probation was revoked, and the sentence was executed. (Id. at 91.)

Petitioner did not file a direct appeal from the judgment of conviction. Instead, petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, claiming ineffective assistance of counsel. (Id. at 110-19.) The circuit court denied the motion for post-conviction relief. (Id. at 125-28.) The Missouri Court

of Appeals affirmed the circuit court's decision.  (Id., Ex. 4); Petty v. State, 201 S.W.3d 68 (Mo. Ct. App. 2006) (per curiam).

In his federal petition for a writ of habeas corpus petitioner Petty alleges one ground for relief.  He asserts that he was denied constitutionally effective assistance of trial counsel because counsel urged him to plead guilty to avoid charges of forcible rape and sodomy, which would expose petitioner to a possible life sentence.  Petitioner contends that counsel should have advised him that the prosecutor could not legally bring forcible rape and sodomy charges, and therefore he would not have pleaded guilty to the lesser charges.

In turn, respondent asserts that trial counsel had a legitimate belief that petitioner's charges could have been enhanced had petitioner not pleaded guilty.  Therefore, counsel's assistance was effective under the relevant standards.

## II.  DISCUSSION

### Standard of Review

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).  "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case."  Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999).  The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (plurality

opinion).  A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); <u>Whitehead v. Dormire</u>, 340 F.3d 532, 536 (8th Cir. 2003).  Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief.  <u>Id.</u>

### Sole Ground: Ineffective Assistance of Counsel

The sole ground of the petition asserts that trial counsel was constitutionally ineffective by advising petitioner to consider pleading guilty to certain charges to avoid other charges which carried more severe penalties.  Specifically, petitioner alleges that, had trial counsel not told him that the prosecutor could bring forcible rape and sodomy charges, punishable by possible life sentences, he would not have pleaded guilty to the statutory rape, statutory sodomy, sexual misconduct, and tampering charges.  (Doc. 1 at 6.)

The general standard for judging claims of constitutionally ineffective assistance of counsel is set out in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>Strickland</u> requires that petitioner show counsel's performance fell below an objective standard of reasonableness.  <u>Id.</u> at 688.  Counsel's performance will be deemed to have fallen below the <u>Strickland</u> standard if petitioner can first demonstrate that counsel's performance was deficient.  <u>Id.</u> at 687-88. In this regard, petitioner must overcome a strong presumption that counsel's performance was reasonable.  <u>Marcrum v. Luebbers</u>, 509 F.3d 489, 502 (8th Cir. 2007).  Second, petitioner must show that the deficient performance of counsel was so prejudicial that the result of the proceedings would have been different but for the error. <u>Strickland</u>, 466 U.S. at 687.  Every effort must be made to eliminate the distorting effects of hindsight, and to evaluate the conduct from counsel's perspective at the time in question.  <u>Tunstall v. Hopkins</u>, 306 F.3d 601, 606 (8th Cir. 2002).

In the context of a claim of constitutionally ineffective assistance regarding a guilty plea, the court has modified the prejudice prong of the <u>Strickland</u> analysis to require petitioner to show a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty but would have proceeded to trial.  <u>Hill</u>

v. Lockhart, 474 U.S. 52, 58 (1984); United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007), cert. denied, 128 S. Ct. 1731 (2008).

The Supreme Court has found it acceptable for a prosecutor to confront a defendant with a more severe punishment during plea negotiations, even if it discourages the defendant from asserting his right to trial. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). In any legal system which tolerates and encourages plea agreements, it is inherent that the prosecutor has discretion to levy any charges which the defendant may plainly be subject to. Id. at 365.

Petitioner cannot establish that counsel's assistance was constitutionally ineffective. At the March 8, 2002, plea hearing the prosecutor noted that the state was considering amending the charge to forcible rape under the facts, a charge which carries the possibility of life imprisonment. (Doc. 8, Ex. 1 at 56). The prosecutor also stated at the plea hearing that the victim would have testified that she did not consent to the sexual encounter with petitioner. (Id.) Given the facts available to counsel at the time of the plea hearing, and the rule of law set forth in Bordenkircher, it was reasonable for counsel to advise petitioner that the prosecutor was able to bring the forcible rape and sodomy charges against petitioner. Since petitioner may have been sentenced to a life sentence, it was proper for counsel to apprise him of that fact, and recommend that he plead guilty to lesser charges which would expose him to a maximum of twenty-two years imprisonment.

Additionally, petitioner testified at the plea hearing that he was pleading guilty of his own free will, and that he understood the nature of the charges and the possible punishment. (Id. at 63-64.) Petitioner also testified at the hearing that counsel had done everything he asked, that he was satisfied with counsel's performance, and that he had no complaints regarding the representation. (Id. at 65-66.) It is clear from petitioner's own statements at the plea hearing that he was satisfied that counsel properly advised him during the hearing. Petitioner only complained of counsel's performance after his probation was revoked and the sentence was executed. Since claims of ineffective assistance are evaluated at the time of counsel's actions, and not viewed with the benefit of hindsight, petitioner's statements at the

hearing are indicative of the quality of counsel's representation. Tunstall, 306 F.3d at 606. Given the facts available to counsel, the nature of the applicable law, and petitioner's own statements on the record, counsel's performance was within the bounds of the objective reasonableness standard outlined above.

Even if counsel's performance fell short of the first prong of the analysis because he incorrectly advised petitioner that the forcible rape and sodomy charges were viable, petitioner suffered no prejudice from that alleged error. As the prosecutor explained at the plea hearing, the victim was willing to testify to the nature and circumstances surrounding the sexual encounter and the victim looked younger than her actual age of 14. (Id. at 53.) There exists no reasonable probability that petitioner would have insisted on going to trial in the face of this evidence. Petitioner's claim also fails the second prong of the Strickland test.

### III. CONCLUSION

For the reasons stated above, the state court adjudication of petitioner's claim was not contrary to Strickland; nor was the state court decision based upon an unreasonable determination of the facts as required by § 2254. Therefore, Michael Petty's petition for a writ of habeas corpus is denied. An appropriate judgment order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 29, 2010.